1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

BARBARA LOFGREN,

Plaintiff,

vs.

NATIONAL CITY MORTGAGE INC., et al.,

Defendants.

CASE NO. 10cv1644 DMS (JMA)

**ORDER GRANTING DEFENDANT PNC BANK, NATIONAL ASSOCIATION'S MOTION TO DISMISS**

[Docket Nos. 5, 8]

This case comes before the Court on Defendant PNC Bank, National Association's motion to dismiss Plaintiff's Complaint. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court grants the motion.[1]

## I.

## BACKGROUND

On April 23, 2003, Plaintiff Barbara Lofgren obtained a loan from Defendant National City Mortgage, Inc. ("National") to purchase the property located at 807 Glenwood Way in Escondido, California. (Compl. ¶¶ 7-10.) As a condition of the loan, Plaintiff granted National a deed of trust in the property. (*Id.* ¶ 10.)

---

[1] In light of this ruling, the Court denies Defendant Federal Home Loan Mortgage Corporation's motion to dismiss as moot.

On August 13, 2008, National substituted Defendant Cal Western Reconveyance Corporation ("Cal Western") as trustee on the deed of trust. (Compl., Ex. C.) The following day, Cal Western filed a Notice of Default on Plaintiff's property. (Compl., Ex. B.)

On November 19, 2008, Cal Western filed a Notice of Trustee's Sale on Plaintiff's property. (Compl., Ex. E.) Pursuant to that Notice, the sale was scheduled for December 8, 2008. (Id.) The sale eventually occurred on June 17, 2009. (Compl., Ex. G.) At the sale, the property was sold to Defendant Federal Home Loan Mortgage Corporation ("Federal"). (*Id.*)

Plaintiff alleges none of the Defendants had the right to foreclose upon her property. (Compl. ¶ 21.) She also alleges she obtained a modification of her loan, which also makes the foreclosure sale void. (*Id.* ¶ 22.)

On June 23, 2010, Plaintiff filed the present case in San Diego Superior Court alleging one claim for declaratory relief/wrongful foreclosure. Defendant Federal removed the case to this Court on August 6, 2010. The present motion followed.

## II.

## DISCUSSION

Defendant moves to dismiss the Complaint in its entirety. It argues Plaintiff's claims are not cognizable. Specifically, Defendant asserts Plaintiff's declaratory relief claim fails because it seeks to redress past wrongs, and Plaintiff's wrongful foreclosure claim fails for failure to allege tender.

### A.      Standard of Review

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

/ / /

/ / /

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

**B.    Declaratory Relief**

Defendant argues Plaintiff's claim for declaratory relief seeks to redress past wrongs, and is therefore incognizable. Plaintiff does not address this argument in her opposition, but it appears to be correct. *See County of San Diego v. State*, 164 Cal. App. 4th 580, 607 (2008) (stating declaratory relief operates to declare future rights, not to redress past wrongs). Accordingly, Plaintiff's claim for declaratory relief fails.

**C.    Wrongful Foreclosure**

Next, Defendant asserts Plaintiff's claim for wrongful foreclosure fails because Plaintiff has failed to allege tender. Plaintiff argues she need not tender to set aside the foreclosure, (*see* Mem. of P. & A. in Supp. of Opp'n to Mot. at 6), and she cites *Dimock v. Emerald Properties LLC*, 81 Cal. App. 4th 868 (2000) to support that argument. However, *Dimock* involved a claim for quiet title, not a claim for wrongful foreclosure. For that claim, Plaintiff is required to allege tender. *See Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (citing *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1021-22 (1989)) (stating plaintiffs are required to allege tender of the amount of their indebtedness to maintain any claim for irregularity in the sale procedure). Her failure to do so here warrants dismissal of that claim.

### III.

### CONCLUSION AND ORDER

For these reasons, the Court grants Defendant's motion to dismiss. In accordance with Plaintiff's request, Plaintiff is granted leave to file a First Amended Complaint that cures the pleading deficiencies set out in this Order. Plaintiff is cautioned that if her First Amended Complaint does not cure these

/ / /

1   deficiencies, her claims will be dismissed with prejudice and without leave to amend.  The First Amended

2   Complaint shall be filed on or before January 28, 2011.

3       **IT IS SO ORDERED.**

4   DATED:  January 11, 2011

5   _____

6   HON. DANA M. SABRAW
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28