UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA LOFGREN,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL CITY MORTGAGE INC., et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 10cv1644 DMS (JMA)<br><br>**ORDER GRANTING DEFENDANT PNC BANK, NATIONAL ASSOCIATION'S MOTION TO DISMISS**<br><br>[Docket Nos. 22, 23] |

This case comes before the Court on Defendant PNC Bank, National Association's motion to dismiss Plaintiff's First Amended Complaint. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court grants the motion.[1]

**I.**

**BACKGROUND**

On April 23, 2003, Plaintiff Barbara Lofgren obtained a loan from Defendant National City Mortgage, Inc. ("National") to purchase the property located at 807 Glenwood Way in Escondido, California. (First Am. Compl. ("FAC") ¶¶ 7-10.)[2] As a condition of the loan, Plaintiff granted National a deed of trust in the property. (*Id.* ¶ 10.)

---

[1] In light of this ruling, the Court denies Defendant's motion to strike as moot.

[2] Defendant PNC Bank is the successor by merger to Defendant National City Mortgage.

On August 13, 2008, National substituted Defendant Cal Western Reconveyance Corporation ("Cal Western") as trustee on the deed of trust. (FAC., Ex. C.) The following day, Cal Western filed a Notice of Default on Plaintiff's property. (FAC, Ex. B.)

On November 19, 2008, Cal Western filed a Notice of Trustee's Sale on Plaintiff's property. (FAC, Ex. E.) Pursuant to that Notice, the sale was scheduled for December 8, 2008. (*Id.*) The sale eventually occurred on June 17, 2009. (FAC, Ex. G.) At the sale, the property was sold to Defendant Federal Home Loan Mortgage Corporation ("Federal"). (*Id.*)

Plaintiff alleges none of the Defendants had the right to foreclose upon her property. (FAC ¶¶ 16-18.) She also alleges she obtained a modification of her loan, which also makes the foreclosure sale void. (*Id.* ¶ 14.)

On June 23, 2010, Plaintiff filed the present case in San Diego Superior Court alleging one claim for declaratory relief/wrongful foreclosure. Defendant Federal removed the case to this Court on August 6, 2010. Defendants PNC and Federal each filed a motion to dismiss the Complaint. The Court granted Defendant PNC's motion to dismiss, denied Defendant Federal's motion to dismiss as moot and granted Plaintiff leave to file a First Amended Complaint, which she did. Plaintiff's First Amended Complaint alleges claims for breach of contract, fraud and conversion.

## II.

## DISCUSSION

Defendant PNC moves to dismiss Plaintiff's breach of contract and fraud claims. Defendant argues Plaintiff has failed to plead the necessary elements of each of those claims, and Plaintiff has failed to satisfy the heightened pleading standards for her fraud claim.

**A.  Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility

///

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

## B.     Breach of Contract

Plaintiff's first claim alleges breach of contract. To state a claim for breach of contract, Plaintiff must plead the existence "of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom." *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1031 (2009) (quoting *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1489 (2006)). Defendant argues Plaintiff has failed to allege the first and second elements of this claim.

In paragraph 20 of the First Amended Complaint, Plaintiff alleges the existence of "a valid, enforceable written contract for the modification of PLAINTIFFS [sic] note with NATIONAL, the terms of which are set out in Exhibit 'F', attached hereto." (FAC ¶ 20.) However, Exhibit F lists instructions that must be followed to complete the loan modification. (FAC, Ex. F.) It also states: "Be advised, until such time National City Mortgage Co., a subsidiary of National City Bank has fully executed documents and all required money, we will proceed with any and all of our rights and remedies as provided by the loan papers." (*Id.*) The attached Loan Modification Agreement is then signed by Plaintiff only. Her husband, James Robert Lofgren, who was a signatory to the Agreement, did not sign, nor did a representative of National. (*See id.*) Under these circumstances, Plaintiff has failed to allege the existence of a valid, binding contract. *See Banner Entertainment, Inc. v. Superior Court*, 62 Cal. App. 4th 348, 358 (1998) (citations omitted) ("When it is clear, both from a provision that the proposed written contract would become operative *only* when signed by the parties as well as from any other evidence

///

1 presented by the parties that both parties contemplated that acceptance of the contract's terms would be
2 signified by signing it, the failure to sign the agreement means no binding contract was created.")

3       Plaintiff admits the Loan Modification Agreement included in Exhibit F does not contain the
4 necessary signatures. (Mem. of P. & A. in Supp. of Opp'n to Mot. at 5.) Nevertheless, Plaintiff argues
5 she "believe[d] that in fact an enforceable agreement was entered into." (*Id.*) Plaintiff's belief in the
6 existence of a valid and binding contract, however, is not enough to sustain a breach of contract claim.
7 Accordingly, the Court grants the motion to dismiss this claim.

8 **C.    Fraud**

9       The only other claim at issue in this motion is Plaintiff's claim for fraud. Defendant argues
10 Plaintiff has failed to satisfy Rule 9(b) with respect to this claim, and also asserts Plaintiff has failed to
11 plead facts supporting the elements of justifiable reliance and damages.

12       A fraud-based pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how"
13 of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Here,
14 Plaintiff does not name a specific individual in her First Amended Complaint, but she does allege the
15 individual was an employee of Defendant. She also alleges that individual or individuals represented
16 "they would modify PLAINTIFF'S loan and withdraw its prior claim of default under the original note
17 and deed of trust." (FAC ¶ 26.) However, Plaintiff fails to allege when, where or how that
18 representation was made. Rule 9(b) demands more specificity than is provided in the First Amended
19 Complaint, and Plaintiff's failure to provide those specifics warrants dismissal of this claim.

20 **III.**

21 **CONCLUSION AND ORDER**

22       For these reasons, the Court grants Defendant's motion to dismiss. In the Court's order on
23 Defendant's previous motion to dismiss, the Court cautioned Plaintiff that if she failed to cure the
24 pleading deficiencies, her claims would be dismissed with prejudice. In accordance with that Order,
25 Plaintiff's request for leave to amend is denied, and her claims are hereby dismissed with prejudice.

26 **IT IS SO ORDERED**.

27 DATED: May 5, 2011

28                                                HON. DANA M. SABRAW
                                               United States District Judge